JOHNSON *v.* GEIGER.

CANCELLATION OF INSTRUMENTS—FRAUD—EVIDENCE.

> In suit to cancel deed of farm executed in blank as to grantee's name and delivered to assistant of bank receiver who was pressing for payment of delinquent interest and taxes and is claimed to have represented that the paper was to aid plaintiff in getting a loan to pay mortgage, and after commencement of which suit negotiations were conducted for return of property to plaintiff on equitable terms, plaintiff *held*, to have failed to establish fraud by a preponderance of evidence.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted June 6, 1935. (Docket No. 52, Calendar No. 38,365.) Decided September 9, 1935.

Bill by Albert Johnson against Verne M. Geiger, receiver of State Savings Bank of Bad Axe, and others to set aside a deed and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Robert J. West* (*R. H. Benedict,* of counsel), for plaintiff.

*Charles W. Rigney,* for defendants.

FEAD, J. The bill was filed to cancel a deed on the ground of fraud. Defendants had decree dismissing the bill.

In the fall of 1933, plaintiff owned a farm, on which there was a mortgage for $2,000, held by the State Savings Bank of Bad Axe, then under receivership. The principal sum was not due until June, 1934, but some $800 of interest and taxes were in arrears. The receiver pressed for payment, offering to rebate the interest on payment of half the

principal, with the other half payable in a year. In the alternative, he offered plaintiff $50 for a deed to avoid the expense of foreclosure. Plaintiff thought he could procure the money to pay. Negotiations continued about a month without result. December 20th, the receiver's assistant presented a deed to plaintiff at his home and plaintiff signed it. The grantee's name was not inserted until completion of sale by the receiver to defendants Bodamer.

Plaintiff claims the receiver's assistant represented that the paper was to aid plaintiff in obtaining a loan on the farm to pay the mortgage and he signed with such understanding and without reading the instrument. Defendants deny the claimed representations and misunderstanding of the purpose of the deed and say it was in fulfillment of plaintiff's promise to give a deed to avoid foreclosure in case he could not finance the mortgage and that plaintiff so understood it.

For a period of about six months after commencement of suit, negotiations for return of the property to plaintiff on equitable terms were had but he could not or would not make the proper arrangements.

It is unnecessary to discuss the conflicting testimony. After consideration of all of it, including the offers of plaintiff, both competent and incompetent, we agree with the circuit court that plaintiff has not shown fraud by a preponderance of evidence.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.